T.C. Summary Opinion 2001-90


UNITED STATES TAX COURT



GARY ALLEN KLEINSMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11566-99S.                    Filed June 21, 2001.


Gary Allen Kleinsmith, pro se.

<u>Robert V. Boeshaar</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $959 in petitioner's 1997 Federal income tax. The issue for decision is whether petitioner is entitled to a fuel tax credit in excess of the amount allowed by respondent.

Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Weippe, Idaho.

Petitioner is and was during 1997, self-employed. His business involves removing and transporting timber logs from the location of harvest to lumber mills. During the year in issue, petitioner transported the timber logs in a truck specifically designed for that purpose (the truck). The truck, which is powered by a diesel engine, was licensed for highway use during 1997 and was so used. The truck is equipped with 2 separate fuel tanks that service its diesel engine.

The truck is also equipped with a mechanical loader that is permanently mounted behind the cab (the loader). The loader is used to load the logs at the harvest sites and to unload the logs at the lumber mills. The loader is powered by a power take-off connected to the truck's diesel engine. Consequently, the same diesel engine that propels the truck also powers the loader. Although there are 2 fuel tanks, neither tank is dedicated to one or the other usages of the diesel engine.

Petitioner filed a timely 1997 Federal income tax return. On a Form 4136, Credit for Federal Tax Paid on Fuels, included with that return, petitioner claimed a fuel tax credit of $1,098. According to the form, $959 of that amount is attributable to the diesel fuel consumed by the operation of the loader.

In the notice of deficiency, respondent disallowed the portion of the fuel tax credit relating to the diesel fuel used to operate the loader.

Discussion

Section 4041(a)(1) imposes a tax on diesel fuel:

(i) sold by any person to an owner, lessee, or other operator of a diesel-powered highway vehicle or a diesel-powered train for use as a fuel in such vehicle or train, or

(ii) used by any person as a fuel in a diesel-powered highway vehicle or a diesel-powered train unless there was a taxable sale of such fuel under clause (i).

The tax is not imposed if diesel fuel is "sold for use or used in an off-highway business use", as defined in section 6421(e)(2). Sec. 4041(b)(1)(A), (C). If a tax has been imposed under section 4041 on a sale of diesel fuel, and the fuel is used by the purchaser for a nontaxable purpose, such as an off-highway business use, section 34 allows a credit against income tax for the section 4041 tax imposed on the sale. See sec. 34(a)(3)[1].

---

[1] The credit is equal to the sum of the amounts otherwise payable to the taxpayer under section 6427(a) (fuels not used for taxable purposes). See also sec. 6427(k); sec. 48.6427-1, Manufacturers & Retailers Excise Tax Regs.

Section 6421(e)(2)(A)(i) defines "off-highway business use" as any use by a person in a trade or business other than as a fuel in a highway vehicle "which (at the time of such use) is registered, or is required to be registered, for highway use under the laws of any State or foreign country".

According to petitioner, the diesel fuel tax imposed under section 4041(a)(1) is a "highway tax" and applies only to diesel fuel consumed to propel a vehicle on the highway.  Petitioner argues that the credit here in dispute was calculated with reference only to the amount of diesel fuel used to power the loader, which in petitioner's view constitutes "off-highway business use" because loading and unloading the truck did not take place on public roads or highways.[2]

Respondent points out that the truck was registered for highway use during 1997 and was so used.  Respondent also points out that the same diesel engine that provides power to the loader also propels the truck.  According to respondent, the diesel fuel allocated to the use of the loader does not constitute an "off-highway business use" within the meaning of section 6421(e)(2)(A).

Respondent's position is entirely consistent with (and petitioner's position is entirely contrary to) section 48.4041-7,

---

[2] We accept petitioner's testimony that no portion of the claimed fuel tax credit amount was attributable to diesel fuel consumed by the truck while driving on the highway.

Manufacturers & Retailers Excise Tax Regs., which provides, in part:

> [The section 4041 fuel tax] applies to all taxable liquid fuel sold for use or used as a fuel in the motor which is used to propel a diesel-powered vehicle or in the motor used to propel a motor vehicle, * * * even though the motor is also used for a purpose other than the propulsion of the vehicle * * *. Thus, if the motor of a diesel-powered highway vehicle * * * operates special equipment by means of a power take-off or power transfer, tax applies to all taxable liquid fuel sold for this use or so used, whether or not the special equipment is mounted on the vehicle * * *. For example, tax applies to diesel fuel sold to operate the mixing unit on a concrete mixer truck if the mixing unit is operated by means of a power take-off from the motor of the vehicle. * * * However, tax does not apply to liquid fuel sold for use or used in a separate motor to operate special equipment (whether or not the equipment is mounted on the vehicle). If the taxable liquid fuel used in a separate motor is drawn from the same tank as the one which supplies fuel for the propulsion of the vehicle, a reasonable determination of the quantity of taxable liquid fuel used in such separate motor or during such period is acceptable for purposes of application of the tax. * * *

See also Western Waste Indus. v. Commissioner, 104 T.C. 472 (1995)(upholding the regulation as a valid interpretation of the phrase "used * * * as a fuel in", as set forth in section 4041(a)(1)).

During 1997, the truck was registered for highway use. The same diesel engine that propelled the truck also provided power, via a power take-off, to the loader. Although a portion of the fuel consumed by the truck's diesel engine was used for purposes other than propulsion of the truck, section 48.4041-7, Manufacturers & Retailers Excise Tax Regs., provides that all

fuel consumed under those circumstances is subject to tax under section 4041.  Therefore, petitioner is not entitled to a section 34 credit for Federal tax paid on diesel fuel consumed by the operation of the truck even though a portion of that fuel was used to power the loader.  See <u>Western Waste Indus. v. Commissioner</u>, <u>supra</u> at 486; <u>Williams v. Commissioner</u>, T.C. Memo. 1997-540; <u>High-Way Dispatch v. United States</u>, 858 F. Supp. 880 (N.D. Ind. 1994).  Respondent's determination disallowing a portion of the fuel tax credit claimed on petitioner's 1997 return is therefore sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Based on the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.